IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ROLAND ALVIN JAMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 319-094 |
| | ) | |
| ANTIONE CALDWELL, Warden; | ) | |
| EDGINALD GIBBONS; KOCHELE | ) | |
| WATSON; FNU HEGG, Lieutenant of Night | ) | |
| Shift; CHAKARRA BRAGG, Chief | ) | |
| Counselor; OFC. S. WILLIAMS, CO II of | ) | |
| Night Shift; ANNETTE GRANISON; | ) | |
| LT. FNU KNIGHT; and LT. FNU | ) | |
| THOMPSON, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, formerly detained at Johnson State Prison in Wrightsville, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and requested permission to proceed *in forma pauperis* ("IFP") as an incarcerated litigant. (Doc. no. 2.) At the end of his complaint, Plaintiff attached a letter informing the Court that after January 4, 2020, he would no longer be incarcerated and provided the Court with his change of address. (Doc. no. 1, p. 20.) Because Plaintiff stated he would be released from prison, the Court denied as moot his motion to proceed IFP and ordered him to pay the filing fee or submit an IFP form and supporting affidavit used by non-incarcerated *pro se* litigants. (Doc. no. 4, p. 2.)

The Court has been informed its last Order entered on January 4, 2020, has been returned; Plaintiff is no longer located at the address he has on file with the Court.  (See doc. no. 5.)

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets.").  Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

Here, Plaintiff's failure to keep the Court informed of his address saddles the Court with a stagnant case in which no communication with Plaintiff seems possible.  Plaintiff's failure to immediately notify the Court of any change of address has resulted in the Court being unable to locate Plaintiff.  This is precisely the type of neglect contemplated by the Local Rules.  The Court also finds that the imposition of monetary sanctions is not a feasible sanction because Plaintiff did not file a new motion to proceed IFP and the filing fee has not been paid.  Therefore, dismissal for want of prosecution is appropriate.

The Court recognizes that Plaintiff is proceeding *pro se* and acknowledges that courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an

adjudication on the merits.[1]  See, e.g., Gormley v. Nix, No. 04-12374, 2005 WL 2090282, at *3-4 (11th Cir. Aug. 31, 2005) (*per curiam*); Dickson v. Ga. State Bd. of Pardons and Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007).  Thus, the Court is simply recommending dismissal without prejudice until such time as Plaintiff is willing to file his case and pursue it.  Accordingly, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 14th day of February, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits.  See Fed. R. Civ. P. 41(b).